IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GUILLERMO JUAREZ, as Independent Administrator of the Estate of EZEQUIEL JUAREZ, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> BRYAN S. FRIESS and FEDEX GROUND PACKAGE SYSTEM INC., <br><br> Defendants and Third Party Plaintiffs, <br><br> v. <br><br> ROBERT SARGENT, BOB SARGENT, LLC, MAYFLOWER TRANSIT, LLC, DARYL FLOOD RELOCATION, INC., DARYL FLOOD LOGISTICS, INC., GUILLERMO JUAREZ and JESSICA SNYDER, <br><br> Third Party Defendants. | Civil Action No. 13-145 Erie |

**MEMORANDUM ORDER**

On May 31, 2016, this court held a hearing on the defendants' motion seeking permission to contact Steven M. Schorr, P.E. and call him at time of trial (ECF No. 124). The court denied the motion subject to reconsideration following supplemental briefing directed at the issue of whether Mr. Schorr's testimony would be cumulative of the testimony to be offered by defendants' own expert, George J. Wharton, P.E. The parties have submitted their supplemental briefs on that issue (*see* ECF Nos. 147, 149, 152).

Having reviewed the parties' respective submission, the court remains of the view that denial of defendants' motion was appropriate. Federal Rule of Evidence 403 provides that the

1

court may exclude relevant evidence if its probative value is substantially outweighed by the danger that the evidence will be needlessly cumulative. Fed. R. Evid. 403. In this case, Mr. Schorr's report is cumulative of Mr. Wharton's inasmuch as both experts are accident reconstructionists who arrive at similar conclusions concerning the underlying crash sequence based on their respective reviews of the same physical evidence and testimony in the case.

Defendants posit that Mr. Schorr's report and opinions are noncumulative inasmuch as Mr. Schorr is a civil engineer, while Mr. Wharton is a mechanical engineer. Defendants also point to some differences between the two experts' reports. For example, Mr. Wharton, unlike Mr. Schorr, utilized a computer simulation to depict various aspects of the collision sequence. He also analyzed the Detroit Diesel Electronic Controls report from the FedEx tractor-trailer in order to calculate the speed of the FedEx unit over time, and he opined about the angle of the arced path taken by the FedEx unit after it was impacted by the Mayflower tractor-trailer. Mr. Schorr, on the other hand, offered opinions about the change in velocity of the plaintiff's vehicle that were are not included in Mr. Wharton's report.

Notwithstanding these minor differences, however, the material aspects of the two reports are substantially identical. Both experts testify to a reasonable degree of engineering certainty concerning the core issue of liability. More specifically, both experts opine that a series of collisions occurred, involving : (1) decedent's Chevy Cavalier and a Chevy Equinox; (2) decedent's Chevy Cavalier and the south interstate guiderail; (3) the Mayflower unit and the FedEx unit, and finally, (4) the FedEx unit and decedent's Chevy Cavalier. Both experts reviewed the physical evidence in the case, including photographic evidence, as well as witness accounts and police reports. Moreover, Mr. Schorr's report actually references Mr. Wharton's report and notes the similarities in their conclusions. (*See* Schorr Report at ¶18, ECF No. 124-1.)

Under the circumstances of this case, the defendants' use of Mr. Schorr's testimony would essentially amount to Mr. Schorr vouching for Mr. Wharton's opinions – a result which justifies exclusion under Rule 403. *See Tunis Bros. Co. v. Ford Motor Co.,* 124 F.R.D. 95, 98 (E.D. Pa. 1998) ("Merely to have partisan experts appear to vouch for previous experts violates Fed. R. Evid. 403 and would needlessly present cumulative evidence, waste time, and mislead the jury.")

In sum, Mr. Schorr's report constitutes unnecessarily cumulative expert testimony, which is neither highly probative nor helpful to the jury in the context of this case. *See Coleman v. Home Depot, Inc.,* 306 F.3d 1333, 1343-44 (3d Cir. 2002) (noting that, under Rule 403, "evidence that is highly probative is exceptionally difficult to exclude"); *see also* Fed. R. Evid. 702 (permitting expert testimony where, among other things, "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"). As such, the exclusion of Mr. Schorr's report and testimony is appropriate under Rule 403.

Notwithstanding the cumulative nature of Mr. Schorr's report, defendants posit that they should be able to contact Mr. Schorr, consult with him about his conclusions, and determine whether to call him rather than Mr. Wharton at time of trial. This request will be denied. Under the Federal Rules of Civil Procedure, defendants had the opportunity, and the right, to depose Mr. Schorr or any other witness designated as "an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A). However, the deadline for expert discovery has long since passed (*see* ECF No. 93) and, at this point in the proceedings, it cannot be reopened absent a showing of "good cause," which does not exist here. *See* Fed. R. Civ. P. 16 (the court's pretrial scheduling order "may be modified only for good cause and with the judge's consent"). Moreover, defendants will not be unfairly prejudiced by the exclusion of Mr. Schorr's testimony

because, to the extent there are differences between the two expert reports, Mr. Wharton's appears to be the more comprehensive of the two.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED, this 30th day of June, 2016, that the court's prior order of May 31, 2016 stands as previously issued and reconsideration of same is DENIED.


BY THE COURT:


*/s/ Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge